FILED
BILLINGS DIV.

IN THE UNITED STATES DISTRICT COURT 2007 AUG 7 PM 1 06

FOR THE DISTRICT OF MONTANA     PATRICK E. DUFFY, CLERK

BILLINGS DIVISION     BY _____
                                                          DEPUTY CLERK

DAVID ERICKSON, individually          )
and as Personal Representative of the )
ESTATE OF GINA ERICKSON, and          )
STEPHANIE ERICKSON,                   )        CV-04-88-BU-RFC
                                      )
            Plaintiffs,               )
vs.                                   )
                                      )        ORDER
FORD MOTOR COMPANY, a Delaware        )
Corporation,                          )
                                      )
            Defendant.                )
_____)

On June 18, 2007, United States Magistrate Judge Carolyn Ostby entered her Findings and Recommendation. Magistrate Judge Ostby recommends that Ford's motion for partial summary judgment should be granted as to Plaintiffs' claim that Ford should have used laminated glass rather than tempered glass in the side window of the Ford Bronco at issue.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, Plaintiffs filed objections on July 2, 2007. Defendant responded to Plaintiffs' objections on July 23, 2007. Plaintiffs' objections are not well taken.

Ford contends that Plaintiffs' defective glass claim is impliedly preempted because it would create a conflict between federal and state law. In particular, Ford claims that Plaintiffs' state law-based tort glass claim would "stand as an obstacle to the accomplishment and execution

1

of the full purpose and objectives of Congress." *Hines v. Davidowitz*, 312 U.S. 52, 67 (9141);

*Bradley v. Harris Research*, 275 F.3d 883, 889-90 (9th Cir. 2001). If successful, Plaintiffs' state

claim would impose liability for the use of tempered glass in side windows, whereas federal law

found Safety Standard 205 permits such application. In *Geier v. American Honda Motor Co.,*

*Inc.*, 529 U.S. 861 (2000), the Court held that ordinary preemption principles apply and the tort

action was preempted. Each court that has considered this precise issue has concluded that under

the principles established in *Geier*, the state tort action cannot proceed. For the same reasons,

this Court reaches the same conclusion, and agrees with Magistrate Judge Ostby's

recommendation.

After a de novo review, the Court determines the Findings and Recommendation of

Magistrate Judge Ostby are well grounded in law and fact and **HEREBY ORDERS** they be

adopted in their entirety.

Accordingly, **IT IS HEREBY ORDERED** that Ford's motion for partial summary

judgment [*doc. #71*] is **GRANTED** as to Plaintiffs' claim that Ford should have used laminated

glass rather than tempered glass in the side window of the Ford Bronco at issue.

The Clerk of Court shall notify the parties of the making of this Order.

DATED this ____ day of August, 2007.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE